8 F.3d 71
 303 U.S.App.D.C. 418
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
John W. PYRON
v.
Svenska HANDELSBANKEN; Bengt Ragna, Appellants,
The Board of Governors of the Federal Reserve System.
 No. 93-5271.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 18, 1993.
 
 Before: WALD, WILLIAMS and HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that this case be remanded to the district court. On remand, the district court shall first determine whether the subpoenaed documents are privileged, with due regard to the principle that privileges are to be strictly construed. See Lundy v. Interfirst Corp., 105 F.R.D. 499, 504 (D.D.C.1985) (setting out requirements for a valid claim of privilege). This determination may not rely exclusively upon The Board of Governors' regulations concerning "confidential supervisory information."
 
 
 3
 If the district court determines that the documents are privileged, it should then decide whether their disclosure--in whole or in part--is nevertheless required by balancing the factors enumerated in In re Franklin National Bank Securities Litigation, 478 F.Supp. 577, 583 (E.D.N.Y.1979), and endorsed by this court in In re Subpoena Served Upon the Comptroller of the Currency, 967 F.2d 630, 634 (D.C.Cir.1992) ("Fleet/Norstar "). In its consideration of the relevance of the subpoenaed documents, the court should not rely exclusively on the fact that they were created subsequent to Mr. Pyron's termination, as it appears that those documents concern events that occurred prior to the termination. The court's consideration of the availability of other evidence should be informed by the observation that, because bank examination reports may provide "a unique and objective contemporaneous chronicle" of the events they concern, "no satisfactory substitute" may exist. Franklin National Bank, 478 F.Supp. at 586.
 
 
 4
 A "fresh balancing of the competing interests" might well necessitate an examination of the disputed documents in camera. See Fleet/Norstar, 967 F.2d at 634 (in camera examination "frequently required"); Franklin National Bank, 478 F.Supp. at 582 ("the official information privilege usually requires examination of the documents in camera "); Delozier v. First National Bank of Gatlinburg, 113 F.R.D. 522, 524 (E.D.Tenn.1986) (proper method for determining relevance of bank report is through in camera inspection); Lundy, 105 F.R.D. at 502 n. 8 (in determining whether to order release of privileged documents, court "must examine the documents in camera...."). Although we are reluctant to add to the work of our overburdened district courts, an in camera review of the documents could show whether some of the material is primarily factual. See Fleet/Norstar, 967 F.2d at 635 (citations omitted).
 
 
 5
 In light of the October 30, 1993 discovery deadline established in the underlying action in New York, we anticipate that the district court will resolve this case reasonably promptly.
 
 
 6
 The Clerk is directed to issue forthwith a certified copy of this order to the district court in lieu of formal mandate.